1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8

MICHELLE L. PUKI, as Personal Representative of the
Estate of Lori Langton,

No.  20-2-cv-411

9

Plaintiff,

10

v.

COMPLAINT FOR
MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND
VIOLATION OF CIVIL
RIGHTS

11

12

13

14

15

16

17

18

19

20

OKANOGAN COUNTY; CITY OF OMAK;
OKANOGAN COUNTY PUBLIC HOSPITAL
DISTRICT NO. 3, d/b/a MID-VALLEY HOSPITAL;
OKANOGAN BEHAVIORAL HEALTHCARE, a WA
Nonprofit Corporation; KENNETH OGUEJIOFOR, M.D.
and JANE DOE OGUEJIOFOR, husband and wife and
their marital community; DAVID KOPP, M.A. and JANE
DOE KOPP, husband and wife and their marital
community; OFFICER VERNON REYES 413;
OFFICER JEROD GAVIN 405;  M.O. MIRANDA
EVANS J23; M.O. MITZY GREEN J11; C.D. CODY P.
LUNN J19; C.D. RUSH J13;  C.D. MIKE ADAMS J27;
C.D. NOAH STEWART J1; C.D. TAPIA J20; C.D. ERIC
KNAPP J6; JANE and JOHN DOES 1-30, and ABC
CORPORATIONS 1-5

(JURY DEMAND)

Defendants

21

22

23

24

Plaintiff Michelle Puki, as Personal Representative of the Estate of Lori Langton, by
and through her attorney of record, Mark Leemon of Leemon + Royer, PLLC, hereby states
and alleges as follows:

**I.  JURY DEMAND**

25

26

1.1    Plaintiff hereby demands trial by jury in this matter.

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 1

## II.  JURISDICTION AND VENUE

2.1    Plaintiff asserts claims under 42 U.S.C. §1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and 1343. Plaintiff's state-law claims form part of the same case and controversy and are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. §1367.

2.2    The acts complained of occurred in, and the defendants reside in Okanogan County and venue is proper in this court pursuant 28 U.S.C. §1391.

## III.  <u>PARTIES</u>

3.1    Plaintiff Michelle Puki is the daughter and duly appointed administrator of the Estate of Lori Langton.

3.2    At all times material hereto, decedent Lori Langton was a citizen of the State of Washington and a resident of Okanogan County, Washington.

3.3    Defendant Okanogan County is a county government subject to be sued pursuant to  RCW 4.96

3.4    Defendant City of Omak is a municipal corporation subject to be sued pursuant to RCW 4.96.

3.5    At all times referred to herein, VERNON REYES and  JEROD GAVIN were police officers employed by the defendant City of Omak, Washington. All acts of these officers alleged herein were done in the course of and in furtherance of their employment and under color of State law.

3.6    Defendants M.O. MIRANDA EVANS J23, M.O. MITZY GREEN J11, C.D. CODY P. LUNN J19, C.D. RUSH J13, C.D. MIKE ADAMS J27, C.D. NOAH STEWART J1, C.D. TAPIA J20 and C.D. ERIC KNAPP J6 were each employees of Okanogan County.

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 2

**Leemon**
**+ Royer**
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
*Phone* 206 269-1100  *Fax* 206 269-7424

All acts of each of these individuals were done in the course of and in furtherance of their employment and under color of state law.

3.7    Plaintiff sues each individually named defendant and each John Doe defendant in his or her individual capacity.   At all times material hereto, the individually named Okanogan employee defendants and the John Doe defendants 1-10 were acting in the course of and in furtherance of their employment for the Defendant County of Okanogan.  At all times material hereto, the individually named Omak employee defendants and the John Doe defendants 11-20 were acting in the course of and in furtherance of their employment for the Defendant City of Omak. At all times material hereto, the individually named defendants and the John Doe defendants 1-20 were acting under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Washington, the County of Okanogan and/or the City of Omak.

3.8    John Does 1-10 are other as yet unidentified Okanogan  Jail employees believed to be participants in the illegal detention and custody of the decedent Lori Langton.

3.9    John Does 11-20 are other Omak Police officers believed to be participants in the illegal detention and custody of the decedent Lori Langton.

3.10    At all times pertinent hereto, the individually named defendants and the John Doe defendants were acting in concert with one another.

3.11    Defendant Okanogan Behavioral Healthcare (OBHC) is a WA non-profit corporation organized and existing under the laws of the State of Washington. Upon information and belief Defendant OBHC provides mental health services, including employment of designated crisis responders (previously known as Designated Mental Health

Professionals) responsible for services necessary for involuntary care or commitment to a state or private hospital.

3.12    Upon information and belief, at all times material hereto, Defendant PUBLIC HOSPITAL DISTRICT NO. 3, was a public hospital district organized pursuant to the laws of the State of Washington and doing business as MID VALLEY HOSPITAL in Okanogan County, Washington.  Defendant MID VALLEY HOSPITAL employed and/or contracted with health care providers, including Defendant KENNETH OGUEJIOFOR, M.D., to provide medical care, treatment and diagnostic services.  At times material hereto, Defendant MID VALLEY HOSPITAL, by and through its principals and/or employees/agents provided such services to Decedent LORI LANGTON.  At times material hereto, such principals and/or employees/agents, including Defendant KENNETH OGUEJIOFOR, M.D., were acting on behalf of Defendant MID VALLEY HOSPITAL and within the scope of their employment/agency.  At all times material hereto, there existed a fiduciary healthcare provider/patient relationship between Defendant MID VALLEY HOSPITAL, Defendant KENNETH OGUEJIOFOR, M.D.  and decedent LORI LANGTON.

3.13    Upon information and belief, at all times material hereto, Defendant KENNETH OGUEJIOFOR, M.D. was a physician licensed to practice emergency medicine in the State of Washington and practiced medicine in Okanogan County, Washington.

3.14    At all times material hereto, Defendant KENNETH OGUEJIOFOR, M.D. was an employee and/or agent, actual or apparent, of Defendant Mid Valley Hospital. .

3.15   Upon information and belief, at all times material hereto, Defendants JOHN and JANE DOES 21-30 were heretofore unidentified individual healthcare providers in the

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 4

Leemon
+ Royer
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
Phone 206 269-1100   Fax 206 269-7424

business of providing health care services in the State of Washington and were "health care providers" as defined by RCW 7.70 *et. seq.*

3.16    At all times material hereto, Defendants JOHN and JANE DOES 21-30 had a fiduciary healthcare provider-patient relationship with decedent LORI LANGTON and had a duty to provide her with reasonably prudent medical care and diagnostic services.  The care and treatment provided to Plaintiff by Defendants JOHN and JANE DOES 21-30 may have been or may be alleged to have been at fault for the injuries and damages alleged herein.

3.17    Upon information and belief, at all times material hereto, Defendants ABC CORPORATIONS 21-30 were heretofore unidentified healthcare entities in the business of providing health care services.  At all times material hereto, Defendants ABC CORPORATIONS 1-5 were "healthcare providers" within the meaning of RCW 7.70 et seq.  At all times material hereto, Defendants ABC CORPORATIONS 1-5 had a fiduciary healthcare provider relationship with decedent LORI LANGTON and had a duty to provide her with reasonably prudent medical care and diagnostic services.  The care and treatment provided to decedent Lori Langton by Defendants ABC CORPORATIONS 1-5 and/or their employees and/or agents may have been or may be alleged to have been a cause of the injuries and damages alleged herein.

3.18    Defendants JOHN AND JANE DOES 21-30 were employees and/or actual or apparent agents of Defendant MVH and/or of one or more corporate entities identified as "ABC CORPORATIONS 1-5," and were acting within the scope and/or course of their employment and/or agency and/or apparent agency and in furtherance of the business interests of Defendant MVH, and/or of Defendants ABC CORPORATIONS 1-5.  At all times material hereto, Defendant MVH and/or Defendants ABC CORPORATIONS, 1-5 were vicariously

COMPLAINT FOR MEDICAL NEGLIGENCE, WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS - 5

Leemon
+ Royer
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
*Phone* 206 269-1100   *Fax* 206 269-7424

liable for the acts and/or omissions alleged which were performed by Defendants JOHN and JANE DOES 21-30.

3.19    The identities of Defendants JOHN and JANE DOES 1-30 and ABC CORPORATIONS 1-5 are not yet fully ascertainable, and discovery will be required to determine whether additional parties should be or will be named.  Plaintiff reserves the right to amend his complaint to more specifically identify Defendants JOHN and JANE DOES 1-30 and/or ABC CORPORATIONS 1-5 when such identities are discovered, and such amendment shall relate back to the time this complaint is filed.

3.20    On September 13, 2019 Plaintiff caused to be timely served on each Defendant PUBLIC HOSPITAL DISTRICT NO. 3, OKANOGAN COUNTY and CITY OF OMAK a tort claim as required by law.

3.21    Based on the foregoing, the Superior Court of the State of Washington has jurisdiction over this matter and the venue is properly in Okanogan County.

3.22    Plaintiff Michelle Puki declines arbitration pursuant to RCW 7.70A.020 (See Exhibit 1, Declaration of Michelle Puki).

## IV. FACTUAL ALLEGATIONS

4.1    On March 23, 2018, decedent Lori Langton was transported by ambulance to Mid Valley Hospital ER.

4.2.    Mid Valley Hospital staff decided there was nothing wrong with Ms. Langton requiring hospitalization and despite her request to be admitted, discharged her.

4.3    While still in the hospital, Ms. Langton grew increasingly unresponsive to the point where she fell to the floor and became completely non-responsive.

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 6

**Leemon**
**+ Royer**
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
*Phone* 206 269-1100  *Fax* 206 269-7424

4.4     Mid Valley Hospital staff called the Omak police and requested they remove Ms. Langton from the premises.

4.5     Omak police officers Reyes and Gavin responded to Mid Valley hospital, decided Ms. Langton was "acting", and decided to arrest her rather than give her a citation for the alleged trespassing at MVH.  They utilized a mechanical lift to hoist and insert Ms. Langton into a patrol car for transport to Okanogan County Jail.

4.6     Ms. Langton remained non-responsive at the jail and was put into a holding cell on a mattress on the floor.  She was left there unmoving and at least part of the time in a pool of her own urine for 19 hours until finally Defendant Officer Cody Lunn checked on her and it was determined OBHC should be called.

4.7     David Kopp, MA, an employee of defendant OBHC arrived, "examined" the unresponsive inmate and determined her problems were "behavioral" and therefore, there was nothing to be done. He determined that she could remain in jail rather than be transported to a health care facility.

4.8     Approximately one hour after Mr. Kopp's examination, Okanogan County jail personnel determined that Ms. Langton might need to be in a hospital. Accordingly, a request was made to on-call Judge Culp of the Superior Court to release Ms. Langton on her personal recognizance. An order for PR was entered on 3/24/18 at approximately 4 p.m. and an ambulance was called to take Ms. Langton back to Mid Valley Hospital ER.

4.9     Upon arrival at MVH, hospital personnel examined the non-responsive Ms. Langton and determined her to be in emergent need of medical care in a more intensive environment than was available at MVH and immediately had her airlifted to Central

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 7

Leemon
+ Royer
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
Phone 206 269-1100  Fax 206 269-7424

Washington Hospital. Ms. Langton passed away at Central Washington Hospital without regaining consciousness.

4.10    As a proximate result of the actions of the Defendants and each of them decedent Lori Langton experienced undue pain and suffering, culminating in her death, and damages as allowed by statute to her statutory beneficiaries.  These damages are further set out below.

## V.  LIABILITY AND  CAUSES OF ACTION

### First Cause of Action:  Medical Negligence

5.1    By this reference, Plaintiff incorporates each and every allegation set forth in the preceding paragraphs.

5.2    Plaintiffs hereby notify Defendants that they are pleading all theories and bases for recovery and liability available pursuant to RCW 7.70.010, et seq. and other applicable law, including negligence, lack of informed consent and corporate negligence.

5.3    At all times material hereto, Defendants MVH, KENNETH OGUEJIOFOR, M.D., M.O. MIRANDA EVANS, M.O. MITZY GREEN, and ABC corporations 1-5 (hereafter the health care defendants) owed to decedent Lori Langton a duty to exercise that degree of skill, care and learning expected from a reasonably prudent health care provider of the class to which they belong, practicing in the State of Washington at that time under the same or similar circumstances.

5.4    The health care defendants and each of them failed to exercise that degree of skill, care and learning expected from a reasonably prudent health care provider of the class to which they belong, practicing in the State of Washington at that time under the same or similar circumstances.

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 8

Leemon
+ Royer
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
Phone 206 269-1100   Fax 206 269-7424

5.5    At all times material hereto, the health care Defendants and each of them owed a duty to decedent Lori Langton to inform her fully of all material facts relating to her diagnosis and treatment, including:

       a.    The nature and character of the proposed treatment for her condition;

       b.    The reasonable alternatives for medically necessary treatment.

5.6    Each of the health care Defendants failed to inform Lori Langton of all material facts relating to her diagnosis and treatment and so deprived her of her right to informed consent.

**Second Cause of Action:  Violation of Civil Rights**

5.7    By this reference, Plaintiff incorporates each and every allegation set forth in the preceding paragraphs.

5.8    By their conduct the individual Okanogan County Defendants' individual and collective actions and failures to act, as set forth in detail herein, constituted deliberate indifference to decedent Lori Langton's serious medical needs, health, personal integrity and life and violated her Constitutional right to substantive due process and adequate medical care under the Fifth and Fourteenth Amendments to the United States Constitution.

5.9    By their conduct the Omak Police defendants subjected Decedent Langton to arrest, seizure and incarceration all without probable cause contrary to the Fourth and Fourteenth Amendments to the United States Constitution and for these further acts Defendant is liable to Plaintiff pursuant to 42 U.S.C.§1983.

5.10    The individually named defendants and John Doe defendants 1-20 at all relevant times acted under color of law and within the scope of their responsibilities or employment and

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 9

Leemon
+ Royer
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
Phone 206 269-1100   Fax 206 269-7424

authority to deprive decedent Lori Langton of her rights guaranteed by the United States Constitution as set out above, and are consequently liable pursuant to 42 U.S.C. § 1983.

5.11    The actions of the Omak individual Defendants and the actions of the Okanogan individual defendants were done on the basis of the policies, procedures and customs of the respective jurisdictions and  Omak and Okanogan County are liable for the civil rights violations alleged.

5.12    As a direct and proximate result of the aforementioned acts and conduct of the individually named Defendants, Plaintiffs suffered injuries and damages as set forth below.

**Third Cause of Action:  Negligence**

5.13    By this reference, Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs.

5.14    Defendant Okanogan County had a special relationship with its inmates that created a duty to exercise reasonable care to provide for their health and safety.

5.15    Defendant Okanogan County failed to comply with its duty to Lori Langton of reasonable care, and its negligence was a proximate cause of her injury and death.

## VI.  <u>DAMAGES</u>

6.1    By this reference, Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs.

6.2    As a direct result of the actions of Defendants herein, Plaintiff seeks damages for the following:

        a.    Lori Langton's predeath pain and suffering and the loss of enjoyment of life.

        b.    Violation of Lori Langton's civil rights as alleged above.

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 10

**Leemon
+ Royer**
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
*Phone* 206 269-1100  *Fax* 206 269-7424

c.      Deprivation to her daughters of their right of family association.

d.      Damages to Lori Langton's statutory beneficiaries for her wrongful death as set forth in RCW 4.20.010.

## VII.  PRAYER FOR RELIEF

7.1      WHEREFORE, Plaintiff prays for judgment against Defendants and each of them for the items of damages set forth in paragraphs 6.1 – 6.2 above, and for costs, disbursements, attorney's fees, and any other items of damage appropriate in the premises.

7.2      Plaintiff further seeks reasonable attorney fees and costs pursuant to 42 U.S.C. § 1983, 1988.

7.3      Plaintiffs also seek pursuant to 42 U.S.C. § 1988 punitive damages and reasonable attorney fees and costs for violation of Plaintiff's constitutional rights.

DATED this 3rd day of November, 2020.

LEEMON + ROYER, PLLC

/s/ Mark Leemon

_____

Mark Leemon, WSBA #5005
Counsel for Plaintiff

COMPLAINT FOR MEDICAL NEGLIGENCE,
WRONGFUL DEATH AND VIOLATION OF
CIVIL RIGHTS - 11

Leemon
+ Royer
PLLC

403 Columbia St., Suite 500 Seattle, WA 98104
Phone 206 269-1100  Fax 206 269-7424