Holly E. Lynch, WSBA #37281
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384

The Honorable Stanley A. Bastian

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON AT SPOKANE

MICHELLE L. PUKI, as Personal Representative of the Estate of Lori Langton,

Plaintiff,

v.

OKANOGAN COUNTY; OKANOGAN BEHAVIORAL HEALTHCARE, a WA Nonprofit Corporation; DAVID KOPP, M.A. and JANE DOE KOPP, husband and wife and their marital community; M.O. MIRANDA EVANS J23; M.O. MITZY GREEN J11; C.D. CODY P. LUNN J19; C.D. RUSH J13; C.D. MIKE ADAMS J27; C.D. NOAH STEWART J1; C.D. TAPIA J20; C.D. ERIC KNAPP J6; JANE and JOHN DOES 1-30, and ABC CORPORATIONS 1-5,

Defendants.

Case No. 2:20-cv-00411-SAB

DEFENDANTS OKANOGAN BEHAVIORAL HEALTHCARE AND DAVID KOPP M.A.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

AND

DEMAND FOR JURY

Defendants Okanogan Behavioral Healthcare ("OBHC") and David Kopp, M.A. (collectively "OBHC defendants"), by and through their counsel of record, hereby answer plaintiff's First Amended Complaint for Negligence, Wrongful Death, and Violations of Civil Rights, ECF No. 154, ("Complaint") as follows:

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 1

# I.   INTRODUCTION

1.1     Paragraph 1.1 contains introductory language, which does not require and answer.  It also does not contain an allegation against the OBHC defendants and, therefore, does not require an answer from them.  Finally, Paragraph 1.1 contains legal conclusions, which likewise do not require an answer.  To the extent an answer is required, the OBHC defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 1.1 and, therefore, deny them.

1.2     Paragraph 1.2 contains introductory language, which does not require and answer.  It also does not contain an allegation against the OBHC defendants and, therefore, does not require an answer from them.  To the extent an answer is required, upon information and belief, the OBHC defendants deny that Ms. Langton was unresponsive, unable to speak, unable to move, or was in an "unresponsive state" on March 23, 2018.  The OBHC defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1.2 and, therefore, deny them.

1.3     Paragraph 1.3 contains introductory language, which does not require and answer.  It also does not contain an allegation against the OBHC defendants and, therefore, does not require an answer from them.  Finally, Paragraph 1.1 contains legal conclusions, which likewise do not require an answer.  To the extent an answer is required, the OBHC defendants lack knowledge or information

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 2

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

sufficient to admit or deny the allegations in Paragraph 1.3 and, therefore, deny them.

1.4     Paragraph 1.4 contains introductory language, which does not require and answer.  It also does not contain an allegation against the OBHC defendants and, therefore, does not require an answer from them.  To the extent an answer is required, the OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 1.4 and, therefore, deny them.

1.5     Paragraph 1.5 contains introductory language, which does not require and answer.  To the extent an answer is required and to the extent the allegations in Paragraph 1.5 are directed at the OBHC defendants, they deny those allegations.  Allegations in Paragraph 1.5 asserted against others do not require an answer from OBHC.  To the extent an answer is required, the OBHC defendants lack knowledge or information sufficient to admit or deny the allegations against other defendants in Paragraph 1.5 and, therefore, deny them.

## II.    JURISDICTION AND VENUE

2.1     The OBHC defendants do not contest jurisdiction, provided plaintiff's federal civil claims remain before this Court.  The OBHC defendants reserve the right to object to jurisdiction in this Court should plaintiff's federal civil claims be dismissed.

OBHC DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT - 3

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2.2     The OBHC defendants do not contest venue, provided plaintiff's federal civil claims remain before this Court.  The OBHC defendants reserve the right to object to venue in this Court should plaintiff's federal civil claims be dismissed.

### III.    PARTIES

3.1     Paragraph 3.1 contains legal conclusions, which do not require an answer.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 3.1 and, therefore, deny them.

3.2     Paragraph 3.2 calls for a legal conclusion and does not contain an allegation against the OBHC defendants and, therefore, does not require an answer from Defendants.  To the extent an answer is required, upon information and belief, the OBHC defendants admit the allegations in Paragraph 3.2.

3.3     The OBHC defendants admit that OBHC is a Washington non-profit corporation and that it provides mental health services.  The OBHC defendants deny that OBHC is a quasi-governmental entity.  The OBHC defendants admit OBHC employs designated crisis responders ("DCRs"), which were formerly referred to as designated mental health professionals.  DCRs' roles and responsibilities are defined by statutes and regulations, which speak for themselves, and the OBHC defendants refer the Court to those statutes and

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 4

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

regulations.  Except as expressly admitted, Defendants deny the allegations in Paragraph 3.3.

3.4     The OBHC defendants admit that David Kopp was an employee of OBHC in March 2018 and that he was a designated mental health professional at that time.  The OBHC defendants admit that Kopp was a licensed mental health provider ("DMHP") in the State of Washington, but deny that deny that he was a licensed "Designated Mental Health Provider" as the OBHC defendants do not believe such a license exists, or existed at that time, in the State of Washington. Kopp's role and responsibilities as a DMHP, including his ability to detain individuals for involuntary mental health treatment, are defined by statutes and regulations, which speak for themselves, and the OBHC defendants refer the Court to those statutes and regulations.  The remaining allegations in Paragraph 3.4 call for legal conclusions and do not require an answer.  To the extent an answer is required, the OBHC defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 3.4 and, therefore, deny them.

3.5     Paragraph 3.5 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Stewart was acting in the course and scope of employment and/or under the color of state law calls for a legal conclusion, which also does not require an answer.  To the extent an answer to Paragraph 3.5 is required, the OBHC

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 5

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.6     Paragraph 3.6 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Evans was acting in the course and scope of employment and/or under the color of state law calls for a legal conclusion, which also does not require an answer.  To the extent an answer to Paragraph 3.6 is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.7     Paragraph 3.7 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Green was acting in the course and scope of employment and/or under the color of state law calls for a legal conclusion, which also does not require an answer.  To the extent an answer to Paragraph 3.7 is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.8     Paragraph 3.8 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Lunn was acting in the course and scope of employment and/or under the color of state law calls for a legal conclusion, which also does not require an

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

answer.  To the extent an answer to Paragraph 3.8 is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.9    Paragraph 3.9 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Rush was acting in the course and scope of employment and/or under the color of state law calls for a legal conclusion, which also does not require an answer.  To the extent an answer to Paragraph 3.9 is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.10    Paragraph 3.10 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Adams was acting in the course and scope of employment and/or under the color of state law calls for a legal conclusion, which also does not require an answer.  To the extent an answer to Paragraph 3.10 is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.11    Paragraph 3.11 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Tapia was acting in the course and scope of employment and/or under

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the color of state law calls for a legal conclusion, which also does not require an answer.  To the extent an answer to Paragraph 3.11 is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.12   Paragraph 3.12 does not contain an allegation against the OBHC defendants and does not require an answer from them.  Likewise, whether defendant Knapp was acting in the course and scope of employment and/or under the color of state law calls for a legal conclusion, which also does not require an answer.  To the extent an answer to Paragraph 3.12 is required, the OBHC defendants lack information or knowledge sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

3.13   The OBHC defendants deny OBHC or David Kopp were acting in concert with the other individually-named defendants.

## IV.    FACTUAL ALLEGATIONS

4.1   In answering Paragraph 4.1, the OBHC defendants admit that on March 23, 2018, Langton was transported by ambulance to Mid-Valley Hospital where she was seen it its emergency department.  The OBHC defendants admit that Langton was conscious and responsive while at Mid-Valley Hospital on March 23, 2018 and that she requested to be admitted to Mid-Valley Hospital on that date. The OBHC defendants admit that Mid-Valley Hospital records, which speak for

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 8

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

themselves, indicate that Langton expressed she was not feeling well.  Upon

information and belief, the OBHC defendants deny the remaining allegations in

Paragraph 4.1.

4.2    The OBHC defendants admit that Mid-Valley Hospital records, which

speak for themselves, indicate that it administered Langton Benadryl and Haldol.

They further admit that at some point, Mid-Valley Hospital discharged Langton.

However, due to a lack of specificity in Paragraph 4.2 regarding when Langton

was discharged, the OBHC lack sufficient knowledge or information to admit or

deny this allegation and, therefore, deny it for lack of specificity.

4.3    The OBHC defendants admit that the Mid-Valley Hospital records,

which speak for themselves, indicate that Langton wanted to be, and requested to

be, admitted to Mid-Valley Hospital.  The OBHC defendants deny the remaining

allegations in Paragraph 4.3 as an incomplete and inaccurate characterization of the

evidence and records, which speak for themselves.

4.4    The OBHC defendants admit that Mid-Valley Hospital contacted

OBHC, but deny that Mid-Valley Hospital called OBHC to request a mental health

evaluation of Langton.  The OBHC defendants lack sufficient knowledge to admit

or deny the remaining allegations in Paragraph 4.4 and, therefore, deny them.

4.5    The OBHC defendants deny that Kopp initially refused to see Langton

at Mid-Valley Hospital.  The OBHC defendants admit that Kopp went to Mid-

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 9

Valley Hospital on March 23, 2018 and that he spoke with Ms. Langton multiple times.  The OBHC defendants admit that while at Mid-Valley Hospital on March 23, 2018, Kopp consulted with his colleague Gary Lewis about Langton and admit that Kopp determined that Langton did not meet the criteria for involuntary hospitalization under Washington's Involuntary Treatment Act.  The OBHC defendants admit that Kopp spoke with Langton and informed her about Mid-Valley Hospital's intent to ask for a police escort if Langton did not voluntarily leave the hospital, but deny the allegations in Paragraph 4.5 related to this conversation as a mischaracterization of the same.  The OBHC deny that Kopp advised Mid-Valley Hospital staff that "Langton's issues were behavioral, she was exaggerating her symptoms, attempting to manipulate hospital staff, and seeking secondary gain."  Kopp's record submitted to Mid-Valley Hospital speaks for itself.  The OBHC defendants deny the remaining allegations in Paragraph 4.5 as an incomplete, misleading, and/or inaccurate characterization of the facts and evidence.  Except as expressly admitted, the OBHC defendants deny the allegations in Paragraph 4.5.

4.6     The OBHC defendants admit that Kopp was not present at Mid-Valley Hospital when police arrived on March 23, 2018, but deny the last sentence of Paragraph 4.6 as an incomplete and misleading characterization of the facts it purports to allege.  Upon information and belief, based on the Mid-Valley Hospital

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

records, which speak for themselves, the OBHC defendants admit that Langton urinated on the floor of her hospital room. The OBHC defendants deny the remaining allegations in Paragraph 4.6.

4.5 [sic]    In answering the second Paragraph 4.5, the OBHC defendants admit that records, which speak for themselves, indicate that Omak police officers arrested Ms. Langton for criminal trespassing, offered to take her home, and when she would not respond to them, took her to the Okanogan County Jail. The OBHC defendants further admit that records, which speak for themselves, indicate that Mid-Valley Hospital staff and Omak police officers transported Langton to the officers' patrol vehicle via a wheelchair and that officers used a Hoyer lift to place her inside the vehicle. The OBHC defendants deny the remaining allegations in this Paragraph as an incomplete, misleading, and/or inaccurate characterization of the facts.

4.6 [sic]    In answering the second Paragraph 4.6, the OBHC defendants, who were not present in the patrol vehicle, lack sufficient knowledge or information to admit or deny the allegations in this paragraph and, therefore, deny them.

4.6 [sic]    In answering the third Paragraph 4.6, the OBHC defendants, who were not present at the jail, lack sufficient knowledge to admit or deny the time Langton arrived and whether any of the identified individuals were waiting in

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the sally-port at the jail to take custody of Langton and, therefore, deny those allegations. Upon information and belief, the OBHC defendants deny the remaining allegations in this third Paragraph 4.6.

4.7    The OBHC defendants admit that records, which speak for themselves, indicate that at some point after her arrival at the jail, Ms. Langton was scratched and her breast was exposed, to which she had no obvious response. Upon information and belief, the OBHC defendants admit that jail staff transported Langton via a wheeled restraint chair and placed Langton on a mat on the floor of a holding cell, which jail staff identified as a crisis holding cell, and which was reported to be equipped with a camera. Upon information and belief, the OBHC defendants deny that Langton was "completely unresponsive and could not stand or speak." Except as expressly admitted, the OBHC defendants deny the allegations in Paragraph 4.7.

4.8    The OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4.8 and, therefore, deny them.

4.9    The OBHC defendants deny that Langton was "non-responsive" throughout her time at the jail. The OBHC defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 4.9 and, therefore, deny them.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.10    The OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4.10 and, therefore, deny them.

4.11    The OBHC defendants admit that Mitzy Green contacted the local after-hours/weekend crisis line on March 24, 2018 and requested a return call from OBHC.  The OBHC defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 4.11 and, therefore, deny them.

4.12    The OBHC defendants admit that Kopp called and spoke with Green at approximately 1:40 p.m. on March 24, 2018, that Green asked Kopp to evaluate Langton at the jail, and that Kopp said he would be there in approximately one hour.  The OBHC defendants further answer that Kopp's records speak for themselves and refer plaintiff and the Court to those records.  The OBHC defendants deny the remaining allegations in this paragraph as an incomplete, misleading, and/or inaccurate characterization of the subject conversation.

4.13    The OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4.13 and, therefore, deny them.

4.14    In answering Paragraph 4.14, the OBHC defendants state that Kopp's records speak for themselves and refer plaintiff and the Court to those records. The OBHC defendants deny the allegations in Paragraph 4.14 as an incomplete and misleading characterization of the facts alleged therein.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.15   In answering Paragraph 4.15, the OBHC defendants state that Kopp's records speak for themselves and refer plaintiff and the Court to those records. The OBHC defendants admit that Langton did not speak to Kopp and admit that Kopp spoke to Miranda Evans and other jail staff and that he scheduled a follow up for Langton the following morning, March 25, 2018.  The OBHC defendants deny the remaining allegations in Paragraph 4.15 as an incomplete and misleading characterization of the facts alleged therein.

4.16   Upon information and belief, the OBHC defendants admit the allegations in Paragraph 4.16.

4.17   Upon information and belief, the OBHC defendants admit the first sentence of Paragraph 4.17.  The OBHC defendants lack information and knowledge sufficient to admit or deny the remaining allegations in Paragraph 4.17 and, therefore, deny them.

4.18   Upon information and belief, the OBHC defendants admit that the Okanogan County Jail requested transport from Lifeline ambulance services for Langton to take her to the hospital.  The OBHC defendants lack information and knowledge sufficient to admit or deny the remaining allegations in Paragraph 4.18 and, therefore, deny them.

4.19   The OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4.19 and, therefore, deny them.

OBHC DEFENDANTS ANSWER TO FIRST AMENDED COMPLAINT - 14

4.20   The OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4.20 and, therefore, deny them.

4.21   The OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4.21 and, therefore, deny them.

4.22   Upon information and belief, the OBHC defendants admit the allegations in Paragraph 4.22.

4.23   The OBHC defendants deny the allegations asserted against Kopp in Paragraph 4.23.  The OBHC defendants deny that Kopp is an "Okanogan County Defendant" as those defendants are identified in the Complaint.  The remaining allegations in Paragraph 4.23 are not directed at the OBHC defendants and, therefore, do not require an answer from them.  To the extent an answer is required, the OBHC defendants lack information or knowledge to admit or deny the allegations in paragraph 4.23 directed at others and, therefore, deny them.

4.24   The OBHC defendants deny the allegations asserted against Kopp in Paragraph 4.24.  The OBHC defendants deny that Kopp is an "Okanogan County Defendant" as those defendants are identified in ECF No. 154.  The remaining allegations in Paragraph 4.24 are not directed at the OBHC defendants and, therefore, do not require an answer from them.  To the extent an answer is required, the OBHC defendants lack information or knowledge to admit or deny the allegations in paragraph 4.24 directed at others and, therefore, deny them.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.25    The OBHC defendants deny the allegations asserted against Kopp in Paragraph 4.25.  The OBHC defendants deny that Kopp is an "Okanogan County Defendant" as those defendants are identified in ECF No. 154.  The remaining allegations in Paragraph 4.25 are not directed at the OBHC defendants and, therefore, do not require an answer from them.  To the extent an answer is required, the OBHC defendants lack information or knowledge to admit or deny the allegations in paragraph 4.25 directed at others and, therefore, deny them.

## V.    LIABILITY AND CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION
### As to All Individual Defendants
### (42 U.S.C. § 1983)

5.1    Defendants incorporate by reference their answers to the preceding paragraphs.

5.2    The OBHC defendants deny any allegations asserted against them in Paragraph 5.2.  Allegations asserted against others do not require an answer from the OBHC defendants.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to answer the allegations asserted against others and, therefore, deny them.

5.3    The OBHC defendants deny the allegations in Paragraph 5.3.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT II
## CIVIL RIGHTS VIOLATION - *MONELL*
### As to Okanogan County and OBHC
### (42 U.S.C. § 1983)

5.4     The OBHC defendants incorporate by reference their answers to the preceding paragraphs.

5.5     The OBHC defendants deny the allegations in Paragraph 5.5.

5.6     The OBHC defendants deny the allegations in Paragraph 5.6.

5.6 [sic]     In answering the second Paragraph 5.6, the OBHC defendants deny those allegations.

5.7     The OBHC defendants deny the allegations in Paragraph 5.7.

## COUNT III
## WRONGFUL DEATH
### As to All Defendants
### (RCW 4.20.010 et seq.)

5.8     The OBHC defendants incorporate by reference their answers to the preceding paragraphs.

5.9     Paragraph 5.9 contains a legal conclusion and does not require an answer.  To the extent an answer is required, the OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

5.10   The OBHC defendants deny the allegations in Paragraph 5.10.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# COUNT IV
## SURVIVAL STATUTE NEGLIGENCE
### As to All Defendants
### (RCW 4.20.046 et seq.)

5.11   The OBHC defendants incorporate by reference their answers to the preceding paragraphs.

5.12   Paragraph 5.12 contains a legal conclusion and does not require an answer.  To the extent an answer is required, the OBHC defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph and, therefore, deny them.

5.13   The OBHC defendants deny any allegations in Paragraph 5.13 asserted against them.  Allegations asserted against others do not require an answer from the OBHC defendants.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to answer the allegations asserted against others and, therefore, deny them.

5.14   The OBHC defendants deny any allegations in Paragraph 5.14 asserted against them.  Allegations asserted against others do not require an answer from the OBHC defendants.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to answer the allegations asserted against others and, therefore, deny them.

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT V
## MEDICAL NEGLIGENCE
## As to Okanogan County, OBHC, David Kopp, Miranda Evans, and
## Mitzy Green
## (RCW 7.70.010, et seq.)

5.15    The OBHC defendants incorporate by reference their answers to the preceding paragraphs.

5.16    The OBHC defendants deny any allegations in Paragraph 5.16 asserted against them, to the extent there are any.  Allegations asserted against others do not require an answer from the OBHC defendants.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to answer the allegations asserted against others and, therefore, deny them.

5.17    The OBHC defendants deny any allegations in Paragraph 5.17 asserted against them, to the extent there are any.  Allegations asserted against others do not require an answer from the OBHC defendants.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to answer the allegations asserted against others and, therefore, deny them.

5.18    The OBHC defendants deny any allegations in Paragraph 5.18 asserted against them, to the extent there are any.  Allegations asserted against others do not require an answer from the OBHC defendants.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to answer the allegations asserted against others and, therefore, deny them.

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.19    The OBHC defendants deny any allegations in Paragraph 5.19 asserted against them, to the extent there are any.  Allegations asserted against others do not require an answer from the OBHC defendants.  To the extent an answer is required, the OBHC defendants lack information or knowledge sufficient to answer the allegations asserted against others and, therefore, deny them.

## VI.    DAMAGES

6.1    The OBHC defendants incorporate by reference their answers to the preceding paragraphs.

6.2    The OBHC defendants deny the allegations in Paragraph 6.2 and its subparts.

## VII.   PRAYER FOR RELIEF

The OBHC defendants deny that plaintiff is entitled to the relief sought, and specifically deny, the allegations in Paragraphs 7.1-7.3.

## VIII.  AFFIRMATIVE DEFENSES

As further answer, by way of affirmative defenses, the OBHC defendants allege as follows:

1.    Plaintiff fails to state claim against the OBHC defendants upon which relief may be granted.

2.    Plaintiff's claims may be barred in whole or in part by the statute of limitations.

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 20

3.      Plaintiff's Complaint fails to meet the pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.

4.      Plaintiff's claims may be reduced by her failure to mitigate her damages.

5.      Plaintiff's Amended Complaint and each and every action thereof is barred on the grounds that the OBHC defendant's conduct referred to in the Amended Complaint was not a substantial factor in bringing about the injuries and damages complained of by plaintiff.

6.      The OBHC defendants acted in an ordinary and reasonable manner and, if any duty was owed to plaintiff and/or Langton, the OBHC defendants did not breach that duty.

7.      Plaintiff's damages, if any, may have been caused in whole or in part by Langton's own conduct.

8.      Plaintiff's claims are barred because there is no causal relationship between any alleged act, omission, or breach of duty by the OBHC defendants, if any, and plaintiff's alleged damages.

9.      Plaintiffs' injuries or damages, if any, may have caused by the fault of other persons or parties over whom Defendants had no control, including but not limited to, the other defendants named above, the City of Omak and its individuals police officers, and Mid-Valley Hospital and the physicians, nurses, and staff who

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 21

interacted with Langton at Mid-Valley Hospital on March 23 and 24, 2018. Pursuant to RCW 4.22.070, Plaintiff's recovery, if any, should be reduced in proportion to the degree of fault attributed to those other persons or parties.

10.    Plaintiff's injuries or damages, if any, were caused by the intentional conduct of other persons or parties over whom the OBHC defendants had no control.  Plaintiff's injuries or damages, if any, caused by the intentional conduct of these individuals must be segregated from injuries or damages, if any, allegedly caused by the OBHC defendants.

11.    The OBHC defendants may be entitled to qualified immunity under 42 U.S.C. § 1983.

12.    Plaintiff's claims may be barred by the equitable doctrines of laches, estoppel, and waiver.

13.    The OBHC defendants reserve the right to assert such other and further defenses as may become available to them or apparent during the discovery of this matter and reserve the right to amend their answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the complaint, Defendants pray for the following relief:

A.    Dismissal of Plaintiff's Complaint with prejudice;

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 22

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2    B.    An award of Defendants' costs and attorney fees; and

3    C.    Such other relief and further relief in favor of Defendants as may be

4 deemed just and equitable.

5

6    RESPECTFULLY SUBMITTED this 17th day of March, 2023.

7    KELLER ROHRBACK L.L.P.

8    By *s/ Holly E. Lynch*
       Holly E. Lynch, WSBA #37281
9      1201 Third Avenue, Suite 3200
       Seattle, WA  98101
10     Telephone: (206) 623-1900
       Facsimile: (206) 623-3384
11     Email:  hlynch@kellerrohrback.com
12
       Attorneys for Defendants Okanogan
13     Behavioral Healthcare and David and Jane
       Doe Kopp
14

15

16

17

18

19

20

21

22

23

24

25

26

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF System. The NEF for the foregoing specifically identifies recipients of electronic notice.

DATED this 17th day of March, 2023.

*s/ Keeley Engle*
Keeley Engle, Legal Assistant
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: kengle@kellerrohrback.com

4887-2695-3815, v. 1

OBHC DEFENDANTS ANSWER TO FIRST
AMENDED COMPLAINT - 24

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384