**THE HONORABLE STANLEY A. BASTIAN**

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

MICHELLE L. PUKI, as Personal Representative of the Estate of Lori Langton,

                        Plaintiff,

    vs.

OKANOGAN COUNTY; CITY OF OMAK; OKANOGAN COUNTY PUBLIC HOSPITAL DISTRICT NO. 3, d/b/a MID-VALLEY HOSPITAL; OKANOGAN BEHAVIORAL HEALTHCARE, a WA Nonprofit Corporation; DAVID KOPP, M.A. and JANE DOE KOPP, husband and wife and their marital community; OFFICER VERNON REYES 413; OFFICER JEROD GAVIN 405; M.O. MIRANDA EVANS J23; M.O. MITZY GREEN J11; C.D. CODY P. LUNN J19; C.D. RUSH J13;  C.D. MIKE ADAMS J27; C.D. NOAH STEWART J1; C.D. TAPIA J20; C.D. ERIC KNAPP J6; JANE and JOHN DOES 1-30, and ABC CORPORATIONS 1-5,

                        Defendants.

No. 2:20-cv-00411-SMJ

**PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY**

Noted: August 18, 2023
Without Oral Argument

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY

No. 2:20-cv-00411-SAB

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654
www.pcvalaw.com

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff respectfully asks the Court under Federal Rule of Civil Procedure (FRCP) 37 to compel Defendant Okanogan County to produce responsive information requested in Plaintiff's Third Set of Interrogatories and Requests for Production.  In response to discovery seeking significant production of County policies, training materials, personnel files, insurance information, correspondence, and records pertaining to the operations of the Okanogan County Jail (OCJ) the County produced virtually no responsive information and documents.  Its total response to date consists of a mere seven pages, which simply identify OCJ employees in March of 2018 and identifies employees who attended three CPR training classes.  ECF No. 112, at Ex. 4, at pg. 6; ECF No. 139, at Ex. 3.

When Plaintiff attempted to discuss the County's responses with its counsel, specifically requests for production Nos. 28-30, 32, and 35-36, and to clarify the basis for the failure to produce responsive records, counsel refused to engage, simply asserting for virtually all requests that the County would "stand by the objections" without explanation or discussion.  Plaintiff was forced to bring a motion to compel, originally filed on January 23, 2023.  This Court, without considering the motion, struck the motion and requested that the parties try again to reach agreement, but noted that if none could be reached Plaintiffs could re-file their motion.  Plaintiffs' counsel did so, conducting yet another conference on

PLAINTIFF'S RENEWED MOTION TO
COMPEL RE THIRD SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT
OKANOGAN COUNTY



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 1 | No. 2:20-cv-00411-SAB

March 6, 2023, during which counsel for the County Defendants maintained their position.  Plaintiffs' counsel then attempted to conduct one more discovery conference to address these issues on July 19, 2023.  In response, counsel for the County Defendants refused to conference.  Given the County Defendants failure to produce discovery and its counsel's refusal to work with Plaintiffs regarding the discovery, Plaintiffs were forced to renew this motion and request that the Court grant the requested relief to compel production of responsive information and records, strike the County's objections, and award Plaintiff the costs and fees incurred in twice preparing this motion.

## II.     STATEMENT OF FACTS

On December 13, 2022, Plaintiff served her third set of interrogatories and requests for production to Defendant County.  ECF No. 112, at Ex. 1.  On December 16, 2023, counsel for the County sent an email to Plaintiff's counsel falsely asserting that the discovery was not signed by an attorney and that the County intended to not respond to any of the discovery on that basis.  *Id*. at Ex. 2.  Plaintiff responded and explained that the discovery was signed and that Plaintiff expected to receive responses.  *Id*. at Ex. 3.  The County did not move for a protective order regarding the discovery requests, nor did it raise, or seek to confer regarding, any other objections regarding the discovery subject to this motion.

On January 12, 2023, Defendant County produced responses to Plaintiff's discovery requests.  The County's responses consist primarily of objections; no

PLAINTIFF'S RENEWED MOTION TO
COMPEL RE THIRD SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT
OKANOGAN COUNTY



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 2  |  No. 2:20-cv-00411-SAB

policies were produced, no training materials were produced, no personnel files were produced, no additional insurance information was provided, and no materials pertaining to the County's policies and practices regarding responding to inmate mental health issues were produced.

Plaintiff's counsel requested a discovery conference to address the County's lack of response to these discovery requests and a conference was held on January 18, 2023. *Id.* at ¶ 6, Ex. 5. During the conference, Plaintiff's counsel attempted to confer with counsel for the County in good faith regarding Requests for Production Nos. 28-30, 32, and 35-36 from the set. *Id.*

Request for Production No. 28 asked for production of the OCJ employee handbook in effect during Ms. Langton's incarceration at the jail. *Id.* at Ex. 1, at pg. 9. The County's response stated "none." *Id.* at Ex. 4, at pg. 6. At the conference, Plaintiff's counsel sought to clarify whether this response was a statement that there were no handbooks, manuals, or other documents outlining employee general rules or orientation documents which were analogous to an employee handbook (even if not explicitly titled "employee handbook"), or whether the response was based on as narrow and literal of a reading of the request as possible. Counsel for the County refused to so clarify. *Id.* at Ex. 5, at pgs. 1-2. During the February 1, 2023, deposition of the former Okanogan County Jail Chief Corrections Deputy Noah Stewart, it was revealed that the Okanogan County Sheriff's office maintained an employee manual that applied to the

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 3 | No. 2:20-cv-00411-SAB

employees of the Okanogan County Jail at the time of the incident that has not been produced in this case. ECF No. 139, at Ex. 1, at pg. 67-68. Plaintiff requested that this manual be produced on February 1, 2023, but as of the time of the filing of this reply, the manual still has not been produced.

Request for production No. 29 requested production of training materials used by the County to train its employee correctional deputies and medical officers at the OCJ dating back ten years pertaining to a list of topics relevant to this case. Defendant County's response asserted boilerplate objections and referenced previously produced records that list training courses completed by specific employees. ECF No. 112, at Ex. 4, at pg. 6. *Id.* at ¶ 7. No materials actually used to conduct training of any of OCJ's employees have been produced. During the discovery conference, counsel for the County agreed to "review" the County's response, but would not commit to supplementing the response. *Id.* at Ex. 5, at pg. 2.

Requests for Production Nos. 30 and 32 requested personnel files for Okanogan County employees who were on duty while Ms. Langton was incarcerated at the Okanogan County Jail. *Id.* at Ex. 1, at pgs. 9-10. Defendant County's response did not produce any records, not even for the named Defendants in this case. The County's response asserted that federal law provides a privilege against such production because the privacy interests of the public employees of the jail outweigh any interest Plaintiff has in obtaining the records

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 4 | No. 2:20-cv-00411-SAB

and that the County had reviewed all personnel files and that they "do not contain any responsive documentation" to a request for personnel files. *Id.* at Ex. 4, at pgs. 7-9. No privilege log was provided for the documents the County claims are protected from disclosure. When Plaintiff's counsel attempted to discuss these requests with counsel for the County during the discovery conference, counsel refused to discuss them. *Id.* at Ex. 5, at pg. 2.

Request for production No. 35 requested written records of the firing, discipline, or write up, of employees of the Okanogan County jail in the past ten years. Defendant County's response produced no records, argued they were protected for the same reasons as those set forth in its objections to Requests for production Nos. 30 and 32, and presented boilerplate objections and an overbroad reading of Plaintiff's request. During the discovery conference, counsel for the County refused to supplement the response and refused to discuss this request and the County's objections. *Id.*

Finally, request for production No. 36 requested files, logs, correspondence, training materials, and memos referencing or addressing the topic of inmate mental health in the past ten years. *Id.* at Ex. 1, at pg. 11. In response the County produced no documents, instead objecting to the request as vague and noting that if Plaintiff clarified the request the County would review for potential supplementation. *Id.* at Ex. 4, at pg. 12. During the discovery conference, however, counsel for the County refused to discuss this request with

PLAINTIFF'S RENEWED MOTION TO
COMPEL RE THIRD SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT
OKANOGAN COUNTY

Page 5 | No. 2:20-cv-00411-SAB



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

counsel for Plaintiff to enable clarification. *Id.* at Ex. 5, at pg. 2.

Throughout the discovery conference, counsel for the County repeatedly refused to engage in a good faith discussion of Plaintiff's discovery requests and the County's lack of responses thereto. As a result of the County's failure to produce responses to discovery, failure to move for any protective order, and refusal to cooperatively work with Plaintiffs regarding the discovery at issue, Plaintiffs were forced to file their original motion to compel on January 23, 2023.

On February 24, 2023, the Court struck the original motion to compel without considering it and requested that the parties try to work together to resolve the dispute. ECF No.153, 155. Plaintiffs' counsel then conducted another discovery conference on March 6, 2022, but counsel for the County Defendants maintained that the materials would not be produced. Dietz Decl., Ex. 1. In a last effort to avoid bringing this matter to the Court, Plaintiffs' counsel attempted yet another discovery conference on July 19, 2023, but counsel for the County Defendants failed to appear. Dietz Decl., Ex. 2. Nothing further has been produced to date. As a result, Plaintiff is forced to renew this motion and incur additional fees and costs.

### III.    CONFERENCE CERTIFICATION

Plaintiff hereby certifies that a discovery conference regarding the discovery subject to this motion was held on January 18, 2023, another conference was held on March 6, 2023, and Plaintiffs' counsel appeared for a third conference

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

on July 19, 2023, but counsel for County Defendants failed to appear.

## IV.    EVIDENCE RELIED UPON

This motion relies on the Declaration of Michael D. McNeil in Support of Plaintiff's Motion to Compel Re Third Set of Interrogatories and Requests for Production to Defendant Okanogan County, ECF No. 112, with attached exhibits, the Declaration of Alexander G. Dietz in Support of Plaintiff's Reply in Support of Plaintiff's Motion to Compel Re Third Set of Interrogatories and Requests for Production to Defendant Okanogan County, ECF No. 139, with attached exhibits, the Declaration of Alexander G. Dietz in Support of Plaintiff's Renewed Motions to Compel (Dietz Decl.), with attached exhibits, and the court file.

## V.    LEGAL ARGUMENT

"The scope of discovery permissible under Rule 26 should be liberally construed; the rule contemplates discovery into any matter that bears on or that reasonably could lead to other matters that could bear on any issue that is or may be raised in a case." *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, 143 (W.D. Wash. 2016). "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). FRCP 37, however, enables a party propounding discovery requests to bring a motion to compel responses to those requests when cooperation breaks down. FRCP 37(a)(3)(B).

FRCP 33(b)(4) and 34(b)(2)(B) require a party to state objections to

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY

Page 7 | No. 2:20-cv-00411-SAB

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

discovery requests with specificity. The party resisting discovery "bear[s] the burden of clarifying, explaining, and supporting its objections." *K.S. ex rel. Isserlis v. Ambassador Programs, Inc.*, No. CV-08-243-RMP, 2010 WL 1568391, at *3 (E.D. Wash. Apr. 14, 2010) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)). "Boilerplate objections are presumptively insufficient." *K.S.*, 2010 WL 1568391, at *3; *see also Best v. BNSF Ry. Co.*, No. CV-06-172RHW, 2008 WL 149137, at *5 (E.D. Wash. Jan. 10, 2008) (striking non-specific, boilerplate objections); *Pallaske v. Island Cty.*, No. C06-1735RSL, 2007 WL 4387452, at *2 (W.D. Wash. Dec. 10, 2007) (ruling objections of "attorney/client privilege; work product" insufficient to resist discovery). Here, many of the objections asserted by the County are boilerplate, as illustrated by the above authority. Accordingly, the Court should strike the County's objections and order supplemented, complete responses (including document productions) to Plaintiff's discovery requests.

Moreover, objections to requests for production "must state whether any responsive materials are being withheld on the basis of that objection" and [an] objection to part of a request must specify the part and permit inspection of the rest." FRCP 34(b)(2)(c). Indeed, the rule specifically was amended in 2015 to make this information mandatory. *Nei v. Travelers Home & Marine Ins. Co.*, No. CV 17-137-M-DWM, 2018 WL 3586276, at *2 (D. Mont. July 26, 2018). Failure to comply with this requirement alone is grounds to find objections insufficient,

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

as the failure to clarify the existence of responsive materials thwarts the Court's ability to assess the merits of objections and discovery requests, such as relevancy and proportionality issues. *Nei*, 2018 WL 3586276, at *2. Here, because the County has failed comply with the rules, the Court should strike the County's objections and order supplementation of complete responses.[1]

The only detailed objection presented by the County is also meritless. The County contends the request for personnel files seeks protected private information, citing case law noting that personnel files contain private information. This does not end the analysis, as such privacy concerns "are not absolute; they must be weighed against other competing interests." *Ramirez v.*

---

[1] Plaintiff further notes that in failing to respond and to support its objections, Defendant County also failed to timely move for a protective order as required under the Federal Rules. *See United States v. International Business Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y. 1978) ("ordinarily the [protective] order must be obtained before the date set for the discovery, and ***failure to move at that time will be held to preclude objection later***") (emphasis added). *See also Lexington Ins. Co. v. Swanson*, 2006 WL 3474185, at *2 (W.D. Wash. 2006) ("absent extraordinary circumstances, the outside limit within which a motion for a protective order for written discovery may be made is the time set for the response to a motion to compel written discovery).

PLAINTIFF'S RENEWED MOTION TO
COMPEL RE THIRD SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO DEFENDANT
OKANOGAN COUNTY



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

*County of Los Angeles*, 231 F.R.D. 407, 411 (C.D. Cal. 2005). Federal courts have routinely held that in civil rights suits against law enforcement officials, such privacy rights are outweighed by interests favoring disclosure. *See Garrett v. City of San Francisco*, 818 F.2d 1515, 1519 n. 6 (9th Cir. 1987) (personnel files are discoverable in federal questions cases despite claims of privilege); *Ramirez*, 231 F.R.D. at 411-12 (compelling production of personnel file information of police officers); *King v. Conde*, 121 F.R.D. 180, 191 (E.D. N.Y. 1988) (noting that "[t]he privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review"). This case also involves civil rights claims against public law enforcement employees, and the interests supporting disclosure outweigh privacy interests of the jail's employees, particularly the defendants. Information in personnel files relating to complaints or criticisms against corrections deputies, training records, qualifications, and the County's actions in disciplining or promoting its employees, are all relevant evidence for Plaintiff's claims in this case. This Court should strike the objections and order production.

Finally, Plaintiff requests, under FRCP 37(a)(5)(A), her attorney fees and costs associated with bringing this motion. Should the Court grant the motion, Plaintiff will provide the Court with a declaration or other form of proof regarding the requested fees and costs.

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY

Page 10 | No. 2:20-cv-00411-SAB

PFAU COCHRAN VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

RESPECTFULLY SUBMITTED this 19th day of July, 2023.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

By /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
*Attorney for Plaintiffs*

By /s/ Kevin M. Hastings
Kevin M. Hastings, WSBA No. 42316
*Attorney for Plaintiffs*

By /s/ Alexander G. Dietz
Alexander G. Dietz, WSBA No. 54842
*Attorney for Plaintiffs*

By /s/ Michael D. McNeil
Michael D. McNeil, WSBA No. 56872
*Attorney for Plaintiffs*

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY

Page 11 | No. 2:20-cv-00411-SAB



909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## CERTIFICATE OF SERVICE

I, **Sarah Awes**, hereby declare under penalty of perjury under the laws of the United States and the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date I served the foregoing via **ECF** by directing delivery to the following individuals:

| |
|---|
| Patrick G. McMahon<br>David L. Force<br>Carlson & McMahon PLLC<br>PO Box 2965<br>715 Washington Street<br>Wenatchee, WA  98807-2965<br>PatM@carlson-mcmahon.org;<br>davidf@carlson-mcmahon.org<br>Attorneys for defendants Okanogan County, MO Miranda Evans J23, MO Mitzy Green J11, CD Cody P. Lunn J19, CD Brent Rush J13, CD Mike Adams J27, CD Noah Stewart J1; CD Jesse Tapia J20, CD Eric Knapp J6 |
| Amanda Bley Kuehn<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98508 |
| Holly Elizabeth Lynch<br>Keller Rohrback LLP<br>1201 Third Avenue, Suite 3200<br>Seattle, WA  98101-3052<br>hlynch@kellerrohrback.com<br>Attorney for defendants Okanogan Behavioral Healthcare, David Kopp, Jane Doe Kopp |

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

DATED this 19th day of July, 2023.

By: /s/ Sarah Awes
Sarah Awes
Legal Assistant

PLAINTIFF'S RENEWED MOTION TO COMPEL RE THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT OKANOGAN COUNTY



**PFAU COCHRAN VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Page 13  |  No. 2:20-cv-00411-SAB