FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 16, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE L. PUKI, personal representative of the Estate of Lori Langton,<br><br>    Plaintiff,<br><br>    v.<br><br>OKANOGAN COUNTY; OKANOGAN BEHAVIORAL HEALTHCARE, a Washington non-profit corporation; DAVID KOPP, individually; MEDICAL OFFICER MIRANDA EVANS, individually; MEDICAL OFFICER MITZY GREEN, individually; CORRECTIONS DEPUTY CODY LUNN, individually; CORRECTIONS DEPUTY BRENT RUSH, individually; CORRECTIONS DEPUTY MIKE ADAMS, individually; CORRECTIONS DEPUTY JESSE TAPIA, individually; and CORRECTIONS DEPUTY ERIC KNAPP, individually, | No.  2:20-CV-00411-SAB<br><br>**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT** |

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT   #1**

Defendants.

Before the Court are Defendants Okanogan County and Individual Officers' Motion for Partial Summary Judgment, ECF No. 183, and Defendants Okanogan Behavioral Healthcare and David Kopp's Motion for Partial Summary Judgment to Dismiss Plaintiff's 42 U.S.C. § 1983 Claims, ECF No. 192.

Plaintiff is represented by Alexander G. Dietz, Colleen M. Durkin, Darrell L. Cochran, Kevin M. Hastings, and Michael D. McNeil. Defendants Okanogan Behavioral Healthcare and David Kopp are represented by Holly E. Lynch. All other Defendants are represented by Patrick G. McMahon, Shellie McGaughey, and Amanda B. Kuehn. The motions were considered without oral argument.

## Background

This case arises from the death of Lori Langton. Ms. Langton visited the Mid-Valley Hospital on March 23, 2018 for an evaluation. Defendant David Kopp, a designated crisis responder ("DCR") working under Washington's Involuntary Treatment Act ("ITA") evaluated Ms. Langton at the hospital. Ms. Langton was not committed under the ITA and Ms. Langton was discharged from the hospital and instructed to follow up with her primary care provider. Ms. Langton refused to leave and became disagreeable with the hospital staff. Eventually, hospital staff called law enforcement to help remove Ms. Langton from the hospital premises. Ms. Langton was then taken to the Okanogan County Jail. While there, Ms. Langton laid on the floor of the holding cell; and although she was conscious, she did not verbally respond to jail staff.

Mr. Kopp again met with Ms. Langton on March 24, 2018 to review Ms. Langton's condition at the Okanogan County Jail. He completed an ITA investigation about 18 hours into her stay (again to determine whether she met

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT   #2**

criteria for involuntary commitment under the ITA). Mr. Kopp determined that she did not meet the standard for involuntary commitment. After approximately 18 – 21 hours, the Okanogan County Jail decided to transport Ms. Langton back to Mid-Valley Hospital. Her vital signs were normal at that time, but at some point, either enroute to the hospital or at the hospital, she suffered a pulmonary embolism. She was airlifted to Central Washington Hospital where she died.

Plaintiff now brings this action against Okanogan County, individual Okanogan County Jail Staff (collectively the "Jail Staff"), the Okanogan Behavioral Healthcare ("OBHC"), and DCR David Kopp. Plaintiff alleges *Monell* liability claims under § 1983 for allegedly violating Ms. Langton's civil rights in failing to give her adequate medical care while in the custody of the County and as a patient of OBHC. Plaintiff further alleges § 1983 claims against Defendant Okanogan County Jail Staff and DCR Kopp based on whether they were deliberately indifferent to her medical needs. Plaintiff is also pursuing various state claims of wrongful death, survival negligence, and medical negligence.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of*

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT    #3**

1 *Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## *Monell* Liability

"Local governing bodies…can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). The *Monell* Court stated expressly "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691.

"In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). "To succeed on such a claim, a plaintiff must demonstrate that a defendant's policy was the 'moving force' behind the alleged constitutional violation." *Santos ex rel. Santos v. City of Culver City*, 228 F. App'x 655, 659 (9th Cir. 2007) citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). Further, "[i]t is not sufficient for a plaintiff to identify a custom or policy,

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT  #4**

1  attributable to the municipality, that caused his injury. A plaintiff must also
2  demonstrate that the custom or policy was adhered to with 'deliberate indifference
3  to the constitutional rights of inhabitants.'" *Castro v. Cnty. of Los Angeles*, 833
4  F.3d 1060, 1076 (9th Cir. 2016) quoting *City of Canton*, 489 U.S. at 392.

5     A *Monell* claim can also be supported when the actions of the County are
6  "pursuant to governmental 'custom' even though such a custom has not received
7  formal approval through the body's official decision-making channels." *Monell* 436
8  U.S. at 659. One or two incidents are insufficient to establish a custom or policy,
9  *see Davis v. City of Ellensburg*, 869 F.2d 1230, 1234 (9th Cir. 1989); *Meehan v.*
10 *Cty. Of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988), and "[l]iability for
11 improper custom may not be predicated on isolated or sporadic incidents; it must
12 be founded upon practices of sufficient duration, frequency and consistency that
13 the conduct has become a traditional method of carrying out policy," *Trevino v.*
14 *Gates*, 99 F.3d 911, 918 (9th Cir. 1996), holding modified by *Navarro v. Block*,
15 250 F.3d 729 (9th Cir. 2001).

16     Defendant Okanogan County claims Ms. Langton's death was not the result
17 of an established custom or policy that was approved by Okanogan County's
18 decision-making process, but rather an isolated event. The County also argues that
19 Plaintiff cannot identify a policy or custom at the Okanogan County Jail that was
20 violated, and therefore cannot support a *Monell* claim against the County.
21 Similarly, Defendant OBHC claims that Plaintiff's *Monell* claim against it fails
22 because Plaintiff has not identified an applicable OBHC custom, policy, or practice
23 that violated Ms. Langton's constitutional rights. Additionally, OBHS argues that
24 Plaintiff has not demonstrated that OBHC officials were deliberately indifferent.

25     The County and OBHC are correct. Plaintiff's *Monell* Liability claims
26 against both municipal defendants are dismissed. Plaintiff has failed to identify a
27 policy, custom, or practice which violated Ms. Langton's constitutional rights.
28 Furthermore, there is no evidence that either institutional Defendant was

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT  #5**

deliberately indifferent to Ms. Langton. Defendants' motions for partial summary judgment as to Plaintiff's *Monell* claims against Defendants Okanogan County and OBHC are granted. Plaintiff's *Monell* claims are dismissed with prejudice.

### Section 1983 Claim Against Individual Defendants

"Qualified immunity shields government actors from civil liability under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1066–67 (9th Cir. 2016) quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "To determine whether an officer is entitled to qualified immunity, a court must evaluate two independent questions: (1) whether the officer's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the incident." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Plaintiff alleges that individual defendants violated Ms. Langton's constitutional right to adequate medical care under the Fifth and Fourteenth Amendments. Plaintiff states that all individual Defendants' collective actions and failures to act created the particularized danger that led to Ms. Langton's death.

*Okanogan County Jail Staff*

There is no evidence that the Okanogan County Jail Staff knew that Ms. Langton needed medical assistance or that these County employees were aware of facts that would lead a reasonable person to believe that Ms. Langton required medical assistance but failed to summon help. The Okanogan County Jail Staff did not observe anything that would have led a reasonable person to recognize that Ms. Langton faced a substantial risk of harm if medical assistance was not obtained, and Plaintiff has not identified anything that the County defendants should have, but did not, observe. Ms. Langton failed to demonstrate any signs requiring medical attention. For example, the Okanogan County Jail Staff did not witness Ms. Langton vomiting, experiencing shortness of breath, sweating profusely, skin

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT   #6**

discoloration, or other signs of a medical emergency. With these undisputed facts, the Okanogan County Jail Staff were unaware of Ms. Langton's status and thus protected by qualified immunity as to the § 1983 claim. Plaintiff's § 1983 claim against the Okanogan County Jail Staff is dismissed with prejudice.

*David Kopp*

As to DCR David Kopp, there is no evidence that Mr. Kopp would have reasonably believed he was responsible for Ms. Langton's medical needs when conducting an ITA investigation. Through the undisputed facts, and Mr. Kopp's role as a non-medically trained DCR, it is clear Mr. Kopp would have been on notice as to the liberty rights concerning involuntary commitment, but in his position, a reasonable person would not have known that by not determining Ms. Langton gravely disabled, Ms. Langton's right to adequate health was violated. Therefore, qualified immunity applies and the § 1983 claim against Mr. Kopp is dismissed with prejudice.

**Conclusion**

Thus, since there are no factual disagreements for trial and the law surrounding this action is clear, summary judgment is appropriate. Plaintiff's *Monell* liability claims against Okanogan County and OBHC and the § 1983 claims against Okanogan County Jail Staff and Mr. David Kopp are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction of the remaining state law claims. Therefore, summary judgment is granted, and the file of the above-mentioned matter is closed.

//
//
//
//
//
//

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT   #7**

Accordingly, **IT IS ORDERED**:

1. Defendants Okanogan County and Individual Officers' Motion for Partial Summary Judgment, ECF No. 183, is **GRANTED**.

2. Defendants Okanogan Behavioral Healthcare and David Kopp's Motion for Partial Summary Judgment to Dismiss Plaintiff's 42 U.S.C. § 1983 Claims, ECF No. 192, is **GRANTED**.

3. The *Monell* claims against Defendants Okanogan County and Okanogan Behavioral Healthcare are **DISMISSED with prejudice**.

4. The 42 U.S.C. § 1983 claims against the Okanogan County Jail Staff and David Kopp are **DISMISSED with prejudice**.

5. Since the Court declines supplemental jurisdiction, all remaining motions, ECF Nos. 179, 226, 229, and 235, are **DISMISSED**.

6. The above-mentioned matter is **DISMISSED** since the Court declines supplemental jurisdiction of the remaining state law claims.

7. The Clerk of the Court is directed to **ENTER JUDGMENT** as to the *Monell* and individual 42 U.S.C. § 1983 claims for Defendants and against Plaintiff.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, **close the file**, and provide copies to counsel.

DATED this 16th day of May 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT   #8**