FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE L. PUKI, as Personal Representative of the Estate of Lori Langton,<br>Plaintiff,<br>v.<br>OKANOGAN COUNTY, *et al*,<br>Defendants. | No. 2:20-CV-00411-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants Okanogan Behavioral Healthcare and David Kopp's Motion for Leave to File Motion for Summary Judgment on Legal Causation, ECF No. 272. Defendants Okanogan Behavioral Healthcare and David Kopp are represented by Eron Cannon and Kyle Moore. Plaintiff is represented by Alexander G. Dietz, Colleen M. Durkin, Darrell Lee Cochran, Kevin M. Hastings, and Michael D. McNeil. The Motion was considered without oral argument.

Defendants seek leave to file their third Motion for Summary Judgement—this time asking to the Court to find as a matter of law that they cannot be held liable for the death of Ms. Langton because it was not legal foreseeable that their alleged gross negligence would cause her harm.

Here, the Court declines to exercise its discretion to permit Defendants to file a third motion for summary judgment. In its second Motion for Partial Summary Judgment Re: Tort Claims, Defendant argued Plaintiff's negligence claims must be dismissed because the Involuntary Treatment Act (ITA) immunizes

Defendant Kopps from liability; Plaintiff cannot prove gross negligence because Kopp owed no legal duty to Langton, Kopp did not breach any duty to Langton, and Kopp did not cause Plaintiff's death. Specifically, with respect to causation, Defendants argued there was an intervening act or superseding cause and there was no causal link between Kopp's determination that Langton could not be involuntarily committed and her death. The Court considered these arguments and denied their motion.

Defendants have not provided sufficient justification for their failure to present their arguments on legal causation in their Second Motion for Partial Summary Judgment. Thus, Defendants have not provided good cause for the Court to amend its Scheduling Order. *See In re W. States Wholesale Natural Gas Antirust. Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Moreover, legal causation can be decided as a matter of law only where the facts are not in dispute. *See Schooley v. Pinch's Deli Market, Inc.*, 134 Wash.2d 486, 477 (1998). Because the Court has already determined there are genuine issues of material fact, the Court would not be able to resolve Defendant's motion as a matter of law.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Okanogan Behavioral Healthcare and David Kopp's Motion for Leave to File Motion for Summary Judgment on Legal Causation, ECF No. 272, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 28th day of August 2026.

Stan Bastian
Chief United States District Judge